UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCEL COOK,

       Petitioner,                      Case No. 2:19-cv-12583
                                          Honorable Linda V. Parker

v.

J.A. TERRIS,

       Respondent.
_____/

## OPINION AND ORDER SUMMARILY DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

Federal prisoner Marcel Cook ("Petitioner"), confined at the Federal Correctional Institution in Milan, Michigan, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In 2012, in the United States District Court for the Northern District of Illinois, Petitioner pled guilty to possessing with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). He was sentenced to a term of imprisonment of 168 months. *See U.S. v. Cook*, 500 F. App'x. 537 (7th Cir. 2013). In his pending application, Petitioner argues that he was erroneously sentenced as a career offender in violation of *Mathis v. United States*, 136 S. Ct. 2243 (2016). For the reasons set forth below, the Court is summarily denying the petition and leave to appeal in forma pauperis.

## I. Background

Petitioner was appointed appellate counsel following his conviction. Rather than pursue an appeal, appellate counsel filed a motion to withdraw in the Seventh Circuit, asserting that there were no viable appellate issues. Among the potential issues considered by appellate counsel was a claim that the Petitioner was erroneously sentenced as a career offender. The Seventh Circuit agreed that the claim was frivolous:

> Counsel also considers challenging Cook's classification as a career offender but correctly concludes that any argument would be frivolous. Cook did not object to the accuracy of the extensive criminal history detailed in his presentence report, which includes his felony convictions in 2005 for a drug conspiracy and in 1998 for possession of a controlled substance with intent to deliver. Both are controlled-substance offenses punishable by more than one year in prison, thus making Cook a career offender. See U.S.S.G. §§ 4B1.1(a), 4B1.2(b); *United States v. Black*, 636 F.3d 893, 898 (7th Cir. 2011); *United States v. Thigpen*, 456 F.3d 766, 770 (7th Cir. 2006).

*Cook*, 500 F. App'x. at 538.

Subsequently, on May 7, 2014, Petitioner filed a motion under 28 U.S.C. § 2255 in the District Court for the Northern District of Illinois. The court summarily denied the motion on May 23, 2014. *See United States v. Cook*, No. 14-C-3396 (N.D. Ill. May 23, 2014).

Finding himself unable to raise his *Mathis* claim in a successive § 2255 proceeding, *see Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016),

Petitioner filed the instant action pursuant to § 2241 via the "savings clause" of § 2255(e).

## II. Discussion

The primary mechanism for challenging the legality of a federal sentence is a motion to vacate, set aside, or correct the sentence under § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). The Court of Appeals for the Sixth Circuit affirmed this principle in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), where it explained that "[a] challenge to the validity of a federal conviction or sentence is generally brought as a habeas corpus petition pursuant to § 2255, while a petition concerning the manner or execution of a sentence is appropriate under § 2241." *Id*. at 594.

Petitioner is challenging the length of his federal sentence, as opposed to the execution or manner in which he is serving his sentence. Therefore, he may proceed under § 2241 only if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), or some other exception applies to the rule barring the use of § 2241 to challenge a federal sentence. "'The circumstances in which § 2255 is inadequate and ineffective are narrow.'" *Hill*, 836 F.3d at 594 (quoting *Peterman*, 249 F.3d at 461). "Section 2255 is not inadequate or ineffective simply because § 2255 relief has been denied before, the petitioner is procedurally barred from pursuing relief under § 2255, or the

petitioner has been denied permission to file a second or successive § 2255 petition." *Harris v. Saad*, Nos. 18-5031, 18-5468, 2018 U.S. App. LEXIS 27695, *4 (6th Cir. Sept. 27, 2018) (citing *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012)).

In *Hill*, the Sixth Circuit held that federal prisoners may invoke the savings clause to challenge the misapplication of a sentence enhancement. *See Hill*, 836 F.3d at 598-99. The Sixth Circuit limited its decision, however, to a "narrow subset" of petitions under § 2241. *Id.* at 599. The prisoner must show that: (1) he or she was "sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005);" (2) he or she is "foreclosed from filing a successive petition under § 2255;" and (3) "a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement." *Id.* at 599-600.

Petitioner arguably satisfies the second and third conditions set forth in *Hill*. It appears that he is foreclosed from filing another motion under § 2255 and that *Mathis* provides a cognizable claim for § 2241 petitions. *See Harris*, 2018 U.S. App. LEXIS 27695. Petitioner was sentenced in 2012, however, which was after the Supreme Court issued its decision in *Booker*. Thus, Petitioner has not satisfied the first *Hill* factor for using § 2241 to challenge his federal sentence. As

Petitioner has not satisfied the three conditions set forth in *Hill*, he may not maintain this action under § 2241.

### III. Conclusion

For the reasons given above, the Court denies the petition for writ of habeas corpus. The Court also denies leave to appeal this decision in forma pauperis because an appeal would lack merit and could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Petitioner is not required to apply for a certificate of appealability if he appeals this decision, because "the statutory language imposing the certificate-of-appealability requirement clearly does not extend to cases where . . . detention arose out of federal process but the proceeding is not under § 2255." *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: October 11, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 11, 2019, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager